IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; and, International Union of Operating Engineers, Local 150, AFL-CIO,<br><br>        Plaintiffs,<br><br>   v.<br><br>Perez Tree Service & Landscaping, Inc., an Illinois corporation; and Genoveva Perez, an individual,<br><br>        Defendants. | CIVIL ACTION<br><br>CASE NO. |

## **COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund ("REF"), (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union") bring this action to collect contributions and dues from Defendants, Perez Tree Service & Landscaping, Inc. ("Perez Tree Service"), an Illinois corporation, and Genoveva Perez ("Perez"), an individual.

## COUNT I.     SUIT FOR DELINQUENT CONTRIBUTIONS

### Facts Common to All Counts

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4), and a labor organization under the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Perez Tree Service is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the landscape construction industry with its principal office in Beach Park, Illinois.

3. Perez Tree Service identified Genoveva Perez as President (Exhibit A).

4. On May 1, 2003, Perez Tree Service, through then President Eduyn Perez, executed a Memorandum of Agreement ("MOA") with the Union (Exhibit B) adopting the collective bargaining agreement known as the Illinois and Indiana Landscape Contractors Labor Agreement between the Union and the Northern Illinois Landscape Contractors Association ("NILCA") (the "Landscape Equipment Operators CBA"). Excerpts of the most current Landscape Operators CBA are attached (Exhibit C). Thereafter, the Illinois Landscape Contractors Bargaining Association ("ILCBA") assumed responsibility for negotiating the Landscape Equipment Operators CBA with the Union. The MOA bound Perez to the Landscape Equipment Operators CBA and to all successor agreements negotiated between the Union and the employer association then acting in that capacity (whether NILCA or, subsequently, ILCBA).

5. In addition, Perez adopted each successor Landscape Equipment Operators CBA by its course of conduct, including continued employment of bargaining-unit employees, adherence to material terms, submission of fringe-benefit reports and contributions, and the

payment and settlement of grievances filed by the Union against Perez under the Landscape Operators CBA.

6. Additionally, on April 5, 2004, Perez executed a collective bargaining agreement commonly referred to as the "Plantsman CBA", negotiated between the ILCBA, the Union, and International Brotherhood of Teamsters Local 703, for a term of April 5, 2004, through November 30, 2005, with automatic year-to-year renewal absent timely written termination (Exhibit D). Perez also executed a successor Plantsman CBA effective January 1, 2007, through December 31, 2009, which contains the same renewal provision (Exhibit E). Excerpts of the most current Plantsman CBA are attached (Exhibit C). Perez has never served written notice terminating the Plantsman CBA or any other agreement with the Union.

7. Moreover, Perez adopted each successor Plantsman CBA by its course of conduct, including employing bargaining-unit employees, adherence to material terms, submission of fringe-benefit reports and contributions, and the payment and settlement of a grievance filed by the Union under the Plantsmen CBA. The Plantsman CBA and the Landscape Equipment Operators CBA are collectively referred to as the "CBAs".

8. In addition to the foregoing, Perez regularly accessed the Funds' online remittance portal, I-Remit, to submit monthly fringe benefit reports and payments. Each time Perez utilized I-REMIT, it required Perez to agree to Usage Guidelines stating, in relevant part: "You hereby agree on behalf of your Employer to be bound by and ratify, confirm, and adopt all of the provisions of the Area Collective Bargaining Agreement and the Agreements and Declarations of Trust under which the Midwest Operating Engineers Benefits Funds are maintained" (Exhibit F). Perez's assented to these Usage Guidelines on multiple occasions and thereafter submitted reports

3

and payments via I-REMIT, thereby independently binding Perez to the CBAs and the governing trust agreements.

9. The CBAs and the Agreements and Declarations of Trust incorporated therein require Perez Tree Service to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

10. The CBAs and Trust Agreements specifically require Perez Tree Service to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

11. The CBAs also require Perez Tree Service to make contributions to the CRF. The CRF is a labor-management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Perez Tree Service with respect to CRF as they do the Funds.

4

12. The CBAs further require Perez Tree Service to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Perez Tree Service does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

13. In order to forestall the filing of another lawsuit, Perez Tree Service and Perez executed a Payment Plan Agreement on June 12, 2020 ("Payment Plan") (Exhibit G). In that Payment Plan, Perez Tree Service agreed to make installment payments of the delinquent sums that it owed the Funds, the Union, and CRF. Perez Tree Service and Perez further agreed to submit forthcoming monthly reports, contributions, and dues payments timely. Perez agreed to accept personal liability for any amounts owed by Perez Tree Service. Both consented to the entry of judgment against each of them in the event of breach of the Payment Plan.

14. Perez Tree Service has become delinquent in the submission of its reports and contribution dues the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest; and dues and liquidated damages to the Union.

## Jurisdiction and Venue

15. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331, because ERISA is a federal statute. Furthermore, Perez Tree Service stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit G).

16. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

17. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained

5

agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

18. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

19. Perez Tree Service has violated ERISA and breached the CBAs and Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

20. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Perez Tree Service, there is a total of $206,478.28 known to be due the Funds from Perez Tree Service, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Perez Tree Service for all unpaid contributions as identified in Perez Tree Service's contribution reports;

B. Enjoin Perez Tree Service to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Perez Tree Service at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Perez Tree Service owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Perez Tree Service to pay any contributions reasonably

estimated to be due by the Funds for the period when Perez Tree Service failed and refused to timely submit contribution reports;

D. Enter judgment against Perez Tree Service and in favor of the Funds for liquidated damages, interest, attorneys' fees, and costs associated with all delinquent contributions;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Perez Tree Service's cost.

## COUNT II.    SUIT TO COLLECT CRF CONTRIBUTIONS

1-14. CRF re-alleges and incorporates herein by reference paragraphs 1 through 14 of Count I as if fully stated herein.

### Jurisdiction and Venue

15. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

16. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

17. Perez Tree Service has not submitted all of its contribution reports to CRF. Perez Tree Service has failed to make timely payment of all contributions acknowledged to be due according to Perez Tree Service's own contribution reports and the collective bargaining agreement, and Perez Tree Service has failed to pay interest and liquidated damages required by the CBAs. Accordingly, Perez Tree Service is in breach of its obligations to the CRF under the CBAs.

18. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Perez Tree Service, there is a total of $783.79 known to

be due to CRF from Perez Tree Service subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Order Perez Tree Service to submit all delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against Perez Tree Service for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Perez Tree Service's failure to submit all contribution reports required by the CBAs;

C. Enjoin Perez Tree Service to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at Perez Tree Service's cost.

## COUNT III. SUIT TO COLLECT UNION DUES

1-14. The Union re-alleges and incorporates herein by reference paragraphs 1 through 14 of Count I as if fully stated herein.

### Jurisdiction and Venue

15. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

16. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

17. Perez Tree Service has not submitted all of its dues reports to the Union. Perez Tree Service has failed to make timely payment of all dues acknowledged to be due according to Perez Tree Service's own reports and the collective bargaining agreement. Perez Tree Service is

required to pay liquidated damages by the CBA. Accordingly, Perez Tree Service is in breach of its obligations to the Union under the CBA.

18. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Perez Tree Service, there is a total of $1,810.87 known to be due to the Union from Perez Tree Service before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Order Perez Tree Service to submit all delinquent monthly dues reports;

B. Enter judgment in favor of the Union and against Perez Tree Service for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Perez Tree Service failed to submit all dues reports required by the CBAs;

C. Enjoin Perez Tree Service to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

D. Award the Union such further relief as may be deemed just and equitable by the Court, all at Perez Tree Service's cost.

## COUNT IV.   SUIT TO ENFORCE PERSONAL GUARANTEE

1-14. The Funds, the Union and CRF re-allege and incorporate herein by reference paragraphs 1 through 14 of Count I as if fully stated herein.

### Jurisdiction and Venue

15. This Court has jurisdiction over this claim because it is a suit by a labor organization that has its headquarters within this jurisdictional district. 29 U.S.C. § 185. This Court also has supplemental jurisdiction over this Count because it is a claim "so related…that [it] form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). Furthermore, Perez stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit G).

9

16. Venue is proper in this Court because the Court has jurisdiction over the parties. 29 U.S.C. § 185(a). Venue also is proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in Cook County, Illinois. 28 U.S.C. § 1391(b)(2).

**Allegations of Violations**

17. Genoveva Perez signed the Payment Plan agreement and agreed to be personally liable for the amounts owed to Funds, the Union, and CRF. Genoveva Perez also consented to the entry of judgment against her in the event that Perez Tree Service breached the Payment Plan.

18. Perez Tree Service and Genoveva Perez have breached their respective obligations under the Payment Plan because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely. Perez Tree Service has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled under the Payment Plan to the entry of judgment against Genoveva Perez for all sums that became due following the execution of the Payment Plan.

19. That upon careful review of all records, and after application of any and all partial payments made by Perez Tree Service, there is a total of $209,072.94 known to be due the Funds, CRF, and the Union from Genoveva Perez before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Funds, CRF, and the Union respectfully request that the Court enter judgment against Genoveva Perez and in favor of the Funds, CRF, and the Union for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined.

Dated: November 14, 2025   Respectfully submitted,

By:  /s/ Brad H. Russell
    One of the Attorneys for Plaintiffs

Attorneys for Local 150:   Attorneys for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*   Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*   Brad H. Russell *(brussell@local150.org)*
Local 150 Legal Department   Institute for Worker Welfare, P.C.
6140 Joliet Road   6141 Joliet Road
Countryside, IL  60525   Countryside, IL  60525
Ph. (708) 579-6669   Ph. (708) 579-6669
Fx. (708) 588-1647   Fx. (708) 588-1647